IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD WARD,
    Plaintiff,

v.

WARDEN: THOMAS CARROL,
DEPUTY WARDEN: DAVID PIERCE,
CAPTAIN: CARL HAZZARD,
    Defendants.

Civil Action No# 06-106

FILED
FEB 1 6 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MEMORANDUM AND APPENDIX

The plaintiff Donald Ward is A pro'se litigant. He files this attached memorandum and appendix in support of the 42 U.S.C. §§ 1983 action arguing violations of Constitutional Violation involving the above named defendants in the intrest of justice and pursuant to the federal rules of civil procedure.

This 11 Day of Feb 2006

Respectfully Submitted
Donald K Ward

DONALD WARD 141205 Unit-E
DEL-CORR-CENTER
1181 PADDOCK Rd,
SMYRNA, DEL. 19977

Pg-1

This action being brought in the intrest of justice and essentially as the result of retaliation by the defendants against the plaintiff. The defendants detered the plaintiff rights identified pursuant to the First (1) and Eigth (8) Amendment rights established in the Constitution when they deliberately failed to ponder the plaintiffs protected conduct or the legality of their actions. Their was no cause for Captain: CARL HAZZARD to act quickly in firing the plaintiff and moving him to higher security without first seeking due-process through the filing of a disciplinary charge allegeding illegal conduct. The plaintiff states that an adverse action was taken against him by captain Hazzard, DEPUTY WARDEN: DAVID PIERCE and WARDEN: THOMAS CARROL. The plaintiff contends that the term "adverse action" is drawn from employment case law and, examples in that context include discharge, demotions, refusal to hire, nonerenewal of contracts, and failure to promote see, e.g. Umbehr, 518 U.S. 668, 116 S.Ct. 2342 (nonrenewal of contract) Sinderman, 408 U.S. 593, 92 S.Ct. 2694 (same) Pickering, 391 U.S. 563, 88 S.Ct. 1231 (dismissal). In the prison context, an action comparable to transfer to administrative segregation would certainly be adverse. In order to determine whether actions committed by the defendants are adverse, the plaintiff has provided Exhibits (1), (2), (3), (4) which do establish the fact that the plaintiff never recieved a disciplinary charge for illegal conduct before he was administratively put in higher security and striped of a Job which he has held for almost 20 years with a pay rate of $0.56 and earnings of $97.82 monthly aswell as (5) days goodtime. Because of the defendants adverse actions the plaintiff suffered and was put in a situation that motivated the exercise of his constitutiona rights by and through this civil complaint under 42. U.S.C. 1983

Pg-2

The plaintiff family member personally called Warden Carrol who inturn stated that the plaintiff did not recieve a disciplinary action and would be reinstated to his job. However the plaintiff has yet to be reinstated and by orders from Captain Hazzard is not permitted to be classified back to that job title. After the first contact with warden Carrol he has avoided the burdens of addressing the plaintiffs concerns creating the consequence of being named with the other (2) two defendants in this civil action. In this case the defendants have done little more than deny the allegations put forth in this complaint which is not sufficient to meet their burden under Federal Rule of Civil Procedure (56) to show there isn't a genuine issue of dispute. Warden Carrol could have simply prevented any form of malice established by simply reinstating the plaintiff to his job and approving all back pay owed to the plaintiff. Because he failed at his administrative duties as warden of a correctional facility to provide additional investigations into the plaintiff complaints, he has subjected the plaintiff to unusual punishment established in the Eighth Amendment involving the conditions of his confinement. The plaintiff states that the pain inflicted was not formally meted out as punishment by the statute or the sentence judge so some mental element must be attributed to the inflicting officer or in this case all three (3) defendants. The Supreme Court has described two (2) general categories of Eighth Amendment claims in the prison setting — involving conditions of confindment Helling 401 V. McKinney 509 U.S. 25, 113 S.Ct. 2 475, 125 L.Ed 2d. 22 (1993) Hudson V. McMillian 503 U.S. 1, 112. S.Ct. 995. 117 L.Ed. 2d 156 (1992) and see - Wilson V. Seiter 501 U.S. 294, 111 S.Ct. 2321. 115 L.Ed. 2d. 271 (1991),. The plaintiff states that warden Carrol knew that "NO" evidence or disciplinary write-up existed tha

Pg-3

but instead of providing due process Warden: Carrol simply ignored the actions of his deputy Warden: Pierce and Captian: Hazzard. The plaintiff states that the defendants (Carrol, Pierce, Hazzard) showed an act of deliberately indifference and maliciousness in their actions toward the plaintiff by placing him in A higher security level without due process, evidence of any wrong doing or A enhancement of the plaintiffs institutional points that would have allowed such a move to higher security without question... Such harrassment can be said to harm the plaintiff under the first and Eighth Amendment of the Constitution. Upon Careful review of all exhibits (1),(2), (3),(4)(5) No evidence existed and no disciplinary sanctions were filed. It is absurd to know that deputy Warden: Pierce would not deter Captain: Hazzard from using his badge of authority after recieving letters and facts of extreme punishment by him The plaintiff states that defendant Pierce acted with neglect and inconveniences that deprived him of his eighth amendment protected rights, and that adverse action is one that detered him of ordinary fairness of exercising his rights at stake. Bart V. Telford, 677 F.2d, 622, 625 (7th cir 1982). All three defendants could have removed the plaintiff from his unconstitutional condition and reinstate him back to his employment, however the defendants refused, failing to remedy the situation and becoming liable in violation of the plaintiffs First and eighth amendment rights. Forsyth V. Kleindienst 599 F.2d 1203, 1216-17 (3rd cir 1979).

Therefore in the intrest of justice the plaintiff prays that the context of this memorandum and appendix be applied to his 42 U.S.C. 1983 action attached,,,.

Pg-4

Donald K Ward
00141205  Unit E
DONALD WARD

# DEPARTMENT OF CORRECTION
# STATE OF DELAWARE
# MEMO TO INMATE

**TO:** Ward, Donald  C Bldg/CL10

**DATE:** 10/20/04

**FROM:** Counselor Linda Kemp

**SUBJECT:** Motorpool job

I was advised by my supervisor that per orders from Captain Hazzard, you are not to go back to motorpool. Although a writeup never happened, apparently you were found with tobacco initially and therefore, will not be working.

Ex (1)



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
DELAWARE CORRECTIONAL CENTER
LEGAL SERVICES ADMINISTRATOR
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6687

### MEMORANDUM

To:     I/M Donald Ward, SBI# 141205

From:   Michael Little, Legal Services Administrator

Date:   January 25, 2005

Re:     Letter about write up

---

    I have received your letter from Deputy Warden Pierce dated 01/18/2005. There was not a write up done on this incident. This is a classification issue and you will need to write to your counselor.

CM/cm
Cc:    David Pierce, Deputy Warden I
       Mike Little, Legal Administrator
       File

Ex (2)



STATE OF DELAWARE
DEPARTMENT OF CORRECTION

**OFFICE OF THE DEPUTY WARDEN I**

DELAWARE CORRECTIONAL CENTER
1181 Paddock Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6668

## MEMORANDUM

TO:     IM Donald Ward SBI# 141205 C-Bldg. CL10B

FROM:   David Pierce
        Deputy Warden I

DATE:   November 9, 2004

RE:     Job

---

I have received your letter in reference to you receiving your job back in the motor pool. I have forwarded your letter to Counselor Kemp in reference to your next classification to possibly the kitchen or laundry.

If you have any further questions in this matter please direct them to your housing counselor Mrs. Kemp

EX (3)

DP/dc

cc:   Counselor Kemp
      Inmate File

1

June 3, 2004

Donald Ward
22
BU8

I received your letter. Unfortunately, I have not received any documentation yet either. It will be forwarded from your sending counselor (your last counselor) as soon as the IBCC approves and the Warden signs off on it. If I receive the decision, I will forward to you immediately.

Thank you,

Cindy Atallian
Counselor – 22

Ex (4)

# SUPPORT SERVICES OFFICE

TO:      Donald Ward
            SBI#: 141205
            C

FROM:    Joe Hudson
            Support Services Manager

DATE:     November 8, 2004

RE:       letter

*This office has nothing to do with job placement and classification or security violations. It appears you should have been charged with possession of contraband if tobacco was found in your locker.*

JH/ss

CC: File

Ex (5)