IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-106-KAJ |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| DEPUTY WARDEN DAVID PIERCE, | ) |
| and CAPTAIN CARL HAZZARD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Donald Ward ("Ward"), an inmate at the Delaware Correctional Center ("DCC") filed this lawsuit pursuant to 42 U.S.C. §1983. (D.I. 2, 3.) He appears *pro se* and on February 23, 2006, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 5). I now proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the complaint without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I.   THE COMPLAINT**

Ward held a job for twenty years in the prison motor pool, detailing automobiles. He alleges that his First and Eighth Amendment rights under the U.S. Constitution were violated when he was unjustly fired from his prison job. More particularly, Ward alleges that he was accused of having contraband (i.e., tobacco) in his locker, and he did not receive a fair hearing. He alleges that Captain Carl Hazzard ("Hazzard") quickly fired

him from his prison job, and then moved him from minimum housing status to medium high housing status, without due process or a disciplinary hearing. Ward alleges that he never received a disciplinary charge for the illegal conduct before he was administratively placed in higher security housing and stripped of a job he had held for twenty years. Ward alleges the job provided him with monthly earnings as well as good time credits.

Ward claims this adverse action was taken by Hazzard, Deputy Warden David Pierce ("Deputy Warden Pierce"), and Warden Thomas Carroll ("Warden Carroll"). Ward alleges that Warden Carroll was aware of the situation and stated to Ward's family members that he would be reinstated to his job. Ward alleges that, since that time, Warden Carroll has avoided addressing his concerns. Ward alleges that he has yet to be reinstated and that Hazzard will not permit Ward to be classified to his former job title. He also alleges that Warden Carroll ignored the actions of Deputy Warden Pierce and Hazzard. Ward alleges that Deputy Warden Pierce and Hazzard showed deliberate indifference and maliciousness toward him in placing him in a higher security level without due process, when there was no evidence of wrongdoing and no disciplinary sanctions were filed.

Ward asks that he be reinstated to his job in the motor pool and that he receive compensation for the time he was denied reinstatement. He also seeks prospective injunctive relief to preclude administrative retaliation.

II.   **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a

government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III.   **ANALYSIS**

   A.   **Employment**

Ward asks to be reinstated to his job in the prison motor pool and to receive compensation for the time he was denied reinstatement. Prisoners, however, have no entitlement to a specific job, or even to any job. *James v. Quinlan*, 866 F.2d 627, 630

(3d Cir. 1989). Indeed, it well established that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the fourteenth amendment. *Id.*; *see also Brian v. Werner,* 516 F.2d 233, 240 (3d Cir.1975) (inmates expectation of keeping job is not a property interest entitled to due process protection); *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir.1980) (prisoner's expectation of keeping prison job does not amount to a property interest entitled to due process protection); *Adams v. James,* 784 F.2d 1077, 1079 (11th Cir.1986) (assignment to job as law clerk does not invest inmate with a property interest in continuation as such); *Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir.1986) (Constitution does not create a property interest in prison employment); *Flittie v. Solem,* 827 F.2d 276, 279 (8th Cir.1987) (inmates have no constitutional right to be assigned a particular job).

Accordingly, Ward's claim seeking reinstatement to his prison job lacks an arguable basis in law and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B.     Higher Security Classification

Ward alleges a violation of his right to due process because he was transferred to a higher security classification without a hearing. In reviewing an alleged due process violation, it must be determined whether the alleged violation implicates a constitutionally protected property or liberty interest. *See Sandin v. Conner,* 515 U.S. 472 (1995). "Liberty interests protected by the Fourteenth Amendment may arise from two sources-the Due Process Clause itself and the laws of the States." *Hewitt v. Helms,* 459 U.S. 460, 466 (1983). In a prison setting, states may create protected

liberty interests. These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484 (internal citations omitted). Notably, neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. *See* DEL. CODE ANN 11, § 6529(e). Moreover, "'[a]s long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt*, 459 U.S. at 468 (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

It has thus been determined that the transfer of a prisoner from one classification to another is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 ); *see also Lott v. Arroyo,* 785 F.Supp. 508, 509 (E.D.Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham,* 730 F.Supp. 612 (D.Del.1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Hence, the transfer from one classification to another did not violate Ward's

due process rights. Accordingly, the decision to place Ward in a higher security classification cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution."

Ward cannot state a claim a claim for violation of a liberty interest created by the Due Process Clause or State law. His due process claim has no arguable basis in law and, therefore, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V.  CONCLUSION

IT IS THEREFORE ORDERED that the complaint is DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976).

                                                                                       UNITED STATES DISTRICT JUDGE

March 17, 2006
Wilmington, Delaware